### BISHOP et al. v. YORK et al.

#### (Circuit Court, M. D. Pennsylvania. October 15, 1902.)

1. **SUFFICIENCY OF BILL—RIGHT OF HEIRS TO MAINTAIN SUIT.**

In a bill to recover bonds in possession of defendant, and claimed as a gift from the plaintiffs' stepmother a few days prior to her death, the plaintiffs do not sufficiently state a case when they simply allege that they are heirs at law of the decedent (which they apparently are not under the laws of Ohio, where the case arose), and that, as a compromise to a suit to contest her will, the executors agreed to turn over to them one-half of her estate. Their exact relationship and the full terms of the compromise agreement should be set out.

In Equity. On demurrer to bill.

The bill, after jurisdictional allegations, proceeds as follows:

Complainants say that the defendant the Union Savings Bank & Trust Company is a corporation under the laws of Ohio, domiciled at Cincinnati, and is likewise the executor of the last will and testament and trustee under the will of Elizabeth P. Patterson, deceased, who died in the city of Cincinnati January 25, 1899, testate, she at the time of her death being a citizen and resident of the city of Cincinnati, Ohio, and her said will being duly admitted to probate in the probate court of Hamilton county, Ohio, letters testamentary having thereupon issued to the said Union Savings Bank & Trust Company, defendant herein, which said company duly qualified and is now such executor. That under the said will of Elizabeth P. Patterson, the said defendant the Union Savings Bank & Trust Company became, and was and is, the trustee of certain beneficiaries under the said will. Complainants say that on the 18th day of November, 1899, the complainants herein brought a suit in the court of common pleas of Hamilton county, Ohio, which court had jurisdiction of said cause, contesting the validity of the will of the said Elizabeth P. Patterson, the testatrix as aforesaid, they being heirs-at-law of the said decedent, and the said cause was determined and compromised by the said defendant the Union Savings Bank & Trust Company, individually and as executor and as such trustee, and the other beneficiaries under the said will agreeing to turn over and convey and deliver to plaintiffs, in kind or otherwise, one-half of the said property belonging to the estate of the said decedent, Elizabeth P. Patterson, which said agreement was in writing, and was and is in full force and effect, and binding upon all the parties. That said agreement of settlement was approved and ordered by the said probate court of Hamilton county, Ohio, and thereupon a decree was taken, after the verdict of a jury confirming and establishing the said will and the codicils thereto. Complainants say that the said agreement of compromise and settlement has been partially executed and carried out. Complainants further say that for a long period of time prior to her decease the said Elizabeth P. Patterson was

in failing health; that her mental faculties had become impaired; that she was of unsound mind and incapable of transacting business, and easily influenced. That the defendant Luella York for many years had been an inmate of the home of Elizabeth P. Patterson, was a trained nurse who had cared for her and nursed her, and by reason of her close relationship with the said Elizabeth P. Patterson exercised great influence and control over her, and was likewise a companion to the said Elizabeth P. Patterson during all these years, and while the said Elizabeth P. Patterson was in the aforesaid mental condition, sick and in bed, and unable to transact business, or to enter into agreements or contracts of any kind, the said defendant Luella York by such influence, by importunity, argument, and entreaty, and while the said decedent, Elizabeth P. Patterson, was so infirm and sick in body and mind, solicited and procured the said Elizabeth P. Patterson, as the said Luella York pretends, to give to her certain bonds, five in number, Nos. 1298, 2377, 2378, 2379 and 2380, of $1,000 each, being first mortgage 5 per cent. bonds due in 1922, of the Cincinnati, Newport & Covington Street Railway Company, although these complainants charge and show to this honorable court that the said Elizabeth P. Patterson never in fact gave said bonds to the said defendant, and was in no mental condition to legally make a valid gift to the said defendant, and was sick, ill, and infirm in mind and body, and unable to resist the importunities and entreaties and arguments of the said Luella York directed to her, by means of which said Luella York obtained possession of the said bonds so as above described, on or about January 19, 1899, which was just six days before the said Elizabeth P. Patterson died. Complainants say that the said Luella York is now in possession of the said bonds of the said the Cincinnati, Newport & Covington Street Railway Company, as complainants are advised, and that she has not disposed of the same, and that she is still receiving the interest when it is due upon the same, and keeps and retains the same in her possession, all by reason of the foregoing. Complainants say that they have applied to and requested in writing of the said Union Savings Bank & Trust Company, individually and as executor and trustee, to begin an action against the said Luella York to bring this action and to recover and secure the possession of the said bonds as aforesaid, and the said the Union Savings Bank & Trust Company, in writing, has declined so to do, the said bank, however, not objecting to the bringing of this action by the complainants herein, who bring it, not merely for the benefit of themselves, but for the benefit of the estate of the said Elizabeth P. Patterson and her other beneficiaries under her said will.

To the end, therefore, that the said defendant Luella York may, if she can, show why your complainants should not have the relief hereby prayed, and may upon her oath and according to the best and utmost of her knowledge, remembrance, information, and belief, full, true, direct, and perfect answer make to the several interrogatories hereinafter numbered and set forth, she is required to answer, that is to say: Interrogatory 1. Whether it is not a fact that about January 19, 1899, the said Luella York obtained from Elizabeth P. Patterson, now deceased, five bonds of $1,000 each, issued by the Cincinnati, Newport & Covington Street Railway Company, numbered 1298, 2377, 2378, 2379, and 2380, respectively, being first mortgage 5 per cent. bonds due in 1922? Interrogatory 2. Whether it is not a fact that the said Luella York obtained said bonds at the house of Elizabeth P. Patterson in Avondale, Cincinnati, on or about the sixth day before the said Elizabeth P. Patterson died? Interrogatory 3. Whether it is not a fact that the said Luella York since that time has had the possession of said bonds, and has clipped therefrom the interest coupons on the same, and collected the proceeds of such coupons?

Complainants say that they are advised and believe that the said Luella York, at the time she came into possession of the said five bonds as aforesaid, had no other property, real or personal, subject to execution, and was insolvent, and that she now has no other property, real or personal, other than the aforesaid bonds, which this action seeks to sequester and secure to the estate of the said Elizabeth P. Patterson, deceased. That these complainants have no other remedy that they may invoke, other than this action in injunction, to prevent the said Luella York from disposing of said bonds or

putting them out of her possession or beyond the reach of this court, and that the only way the said bonds can be secured to abide the decree of this court upon a final hearing is by a temporary restraining order restraining her from disposing of the same or putting them out of her possession, and by having a receiver take possession of and hold said bonds until the final adjudication in this court. And that unless these complainants have such temporary order, and the appointment of a receiver, the object of this action may be defeated, to the great and irreparable loss of the complainants and by the loss of said property. Complainants say that the granting of a temporary restraining order and the appointment of a receiver, and the placing of the said bonds in the hands of a receiver to hold the same and collect the interest accruing on said bonds, evidenced by the coupons thereon, will work no harm and no injury to the said defendant, Luella York. Complainants say that Luella York neither in law nor in fact had any title to said bonds, and had no right to the same nor the proceeds of the interest from the coupons thereon. Wherefore the complainants pray that, upon a hearing of the aforesaid matters and things so set forth herein, this court may find and decree that the said bonds belonged to the said Elizabeth P. Patterson in her lifetime, and that she never parted title to the same to the said Luella York. That neither in law nor in fact has she any title to said bonds, or the right to collect and receive the interest from the coupons upon the same. That the said defendant may be enjoined from further collecting and receiving the interest from the coupons upon said five bonds so in her possession as aforesaid, and that she may likewise be enjoined from disposing or attempting to dispose of said five bonds of the Cincinnati, Newport & Covington Street Railway Company, so as aforesaid in her possession, or from pledging the same for the security of any loan or debt, or in any other way placing said bonds out of her possession or control. Complainants pray that a receiver may be appointed by this court, during the pendency of this action, to take charge of and collect the interest coupons upon said bonds as they become due until final hearing of this cause, and likewise to take charge of and possession of the said five bonds as aforesaid, and hold the same until a final determination of this action, under the orders of this court. That upon final hearing this court may decree that said bonds are not the property of the said defendant Luella York, but are the property of the estate of the said Elizabeth P. Patterson, and belong to said estate, and that the said Luella York has no title or interest in and to the same, and that said bonds may be surrendered to said estate, and said estate given the possession and control of the same.

The defendants demurred, assigning, among other things, the following:

That complainants acquired their right to sue, not as heirs at law of Elizabeth P. Patterson, but by virtue of a compromise agreement made with the beneficiaries, legatees, and devisees under the will of Elizabeth P. Patterson, by which it is agreed that the complainants are to have paid and conveyed to them one-half of all the sums and property devised unto said beneficiaries named in said will, and that, complainants having thus acquired their right to the one-half of the sums and property given and devised upon certain beneficiaries named in the will, and as the bonds in dispute were not in possession of the executor and trustee of the estate when the agreement of compromise was made, the said complainants are but assignees of a mere litigious right to recover the bonds, and cannot file a bill in equity on the ground of fraud practiced on the testatrix, as that would be contrary to public policy and savoring of maintenance. That the bill does not aver that the beneficiaries, executor, and trustee held the whole estate of Elizabeth P. Patterson at the time said agreement of compromise was made to convey one-half of the same to complainants, nor does the bill aver that the beneficiaries, for whom the Union Savings Bank & Trust Company is trustee, took the whole estate of Elizabeth P. Patterson, or were the sole residuary devisees of the estate, and hence title to one-half interest in the bonds given Luella York is not shown to be in complainants.

E. N. Willard, for complainants.

J. A. Beeber, for defendants.

ARCHBALD, District Judge.   This suit is considerably out of the ordinary course, and the right of the plaintiffs to maintain it should clearly appear on the face of the bill before it is allowed to go on. This right depends in the first instance on the title or quasi title which they are able to show to the bonds in controversy, with regard to which it is averred that the plaintiffs are heirs-at-law of Elizabeth P. Patterson, deceased, from whom the defendant obtained the bonds as a gift a few days prior to her death, and that, as a compromise to a suit which they had instituted in the courts of Ohio to contest Mrs. Patterson's will, it was agreed that the will should be confirmed, the executors to turn over to them one-half of the estate in kind or otherwise.   This is a very meager statement on which to rest the right to sue, and it does not in some respects correspond with the facts as disclosed by the oral argument.   The plaintiffs, as I understand it, are the step-children of Mrs. Patterson, being the children of her late husband, Nicholas Patterson, by his first wife.   If this be so, they are not the heirs-at-law of their step-mother, but are simply entitled, under the laws of Ohio, in case of her intestacy, to such property as came to her from her husband, their father.   As heirs-at-law of Mrs. Patterson, such as they aver themselves to be, it is possible they would have a standing to contest for the bonds in suit in behalf of the estate, the executors declining to act.   But as heirs of their father they would have no such standing, unless the bonds were a part of the property which came to Mrs. Patterson from her husband, or were representative of it, with regard to which we have no showing.   Moreover, whether they claim in one capacity or the other, it is important to know the terms of the compromise agreement by which the contest over Mrs. Patterson's will was settled.   It was in writing, and, while its legal effect may be correctly pleaded in the bill, I am not content to pass the matter over by any such brief reference to it as is there found.   If the plaintiffs' title is dependent upon it, it is a question whether they have a standing to sue for any special part of the estate, and are not compelled to look to the executors themselves, if it has not been fulfilled, and of this we can only judge by having so much of it quoted as will disclose its real scope.   Considering the bill defective in these particulars, the plaintiffs must cure it by amendment, or the suit be dismissed.

The demurrer is sustained, with leave to plaintiffs to amend within twenty (20) days; the preliminary injunction heretofore granted to remain until further ordered.