BISHOP et al. v. YORK.

(Circuit Court, M. D. Pennsylvania. September 8, 1903.)

No. 2.

1. EQUITY—SUFFICIENCY OF BILL—RIGHT OF PLAINTIFFS TO MAINTAIN SUIT.
    A bill to recover property which was given by a decedent in her lifetime to defendant cannot be maintained where the only right shown in plaintiffs is based on a compromise agreement between them and the executors and devisees of the donor, by which the latter consented that the executors should pay over and convey to plaintiffs one-half of all property and sums which were devised for the use and benefit of said devisees, and it is not shown that the property in suit is any part of that so devised.

In Equity. On demurrer to amended bill.

E. N. Willard, for plaintiffs.
J. A. Beeber, for defendant.

ARCHBALD, District Judge. As stated in the former opinion (118 Fed. 352), the right of the plaintiffs to maintain this bill depends on the interest which they are able to show in the bonds in suit. These bonds were given to the defendant, Luella York, by Elizabeth P. Patterson a few days prior to her death, and it is to call in question the validity of that gift that the suit proceeds. The plaintiffs are step-

children of Mrs. Patterson, being the children of her late husband, Nicholas Patterson, by his first wife; and under the statute law of Ohio, are entitled, in case of her intestacy, to such property as came to her from her husband, their father. 78 Ohio Laws, p. 107, Rev. St. 1892, § 4162. This law can avail them nothing, however, for in the first place Mrs. Patterson left a will, which, although at the start they contested it, they have now agreed should be probated and sustained; and in the next place it does not appear that the bonds in fact came to Mrs. Patterson from her husband. What is said of them in the bill is that they were either given to her by her husband in his lifetime, or bequeathed to her by him, or bought with money or the proceeds of other property given or bequeathed to her by him; and if the latter be true (and it is given as a possible alternative) it is difficult to see how the plaintiffs could claim them under the statute as a part of their father's estate in her hands. This is not, however, of any great importance, for it is virtually conceded by counsel that the plaintiffs must stand or fall by the compromise agreement made with Mrs. Patterson's executor and devisees. By that agreement, in consideration that the plaintiffs would not further contest the wills of their stepmother or their father, as they had been doing, the devisees consented that the executor "should pay over and convey" to the plaintiffs "one-half of all property and sums" which were devised to the executor for the use and benefit of the said devisees. It is to this, and this only, that they can lay claim, and there is nothing to show that the bonds in suit form any part of the property so referred to. They may or may not, depending on the character and extent of the devises and bequests brought into the agreement, of which they were to get one-half. If these embraced the whole estate, their claim may be good; but, on the other hand, if these bequests and devises were specific in amount, or confined to certain designated property, and particularly if there was a residuary clause to other devisees than those who took part in the settlement, it is plain that the agreement gave no interest in the bonds. It is only, as it is averred and proved, that of right they constitute a part of the immediate estate, out of which the plaintiffs are to get their one-half, that we are in any way concerned with them here. The right asserted by the plaintiffs to maintain the bill is an extraordinary one, and has already been denied by a court of co-ordinate rank. Bishop & Smith v. Leonard (C. C.) 123 Fed. 981. It is not, therefore, to be sustained where there is doubt with regard to a fact which clearly is an essential basis of it.

Let a decree be drawn dismissing the bill, unless the plaintiffs move to amend within 20 days for sufficient cause shown.